IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRIAN BETTS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00201-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brian Betts, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. On February 3, 2015, the Court held oral argument at Plaintiff's request. Mr. Greg Wallace, Esq., appeared by telephone for Mr. Betts. Special Assistant United States Attorney Una McGeehan appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter and excellent representation of their respective clients.

Both sides have presented compelling arguments in their briefs and at oral argument. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.   BACKGROUND**

On March 22, 2012, Mr. Betts protectively filed for benefits due to peripheral neuropathy, diabetes, bad disc in back, neck pain, depression, sleep apnea, high blood pressure, anxiety, irregular heartbeat, asthma, and low testosterone. (Tr. 151) His claims were denied initially and upon reconsideration. At Mr. Betts's request, an Administrative Law Judge ("ALJ") held a hearing on October 9, 2013, where Mr. Betts appeared with his lawyer. At the hearing, the ALJ heard

1

testimony from Mr. Betts and a vocational expert ("VE").  (Tr. 37-50)

The ALJ issued a decision on February 6, 2014, finding that Mr. Betts was not disabled under the Act.  (Tr. 19-30)  The Appeals Council denied Mr. Betts's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-4)

Mr. Betts, who was thirty-nine years old at the time of the hearing, has taken some college courses and has past relevant work experience as a correctional officer.  (Tr. 40, 47)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Betts had not engaged in substantial gainful activity since January 14, 2012, and he had the following severe impairments: peripheral neuropathy, diabetes mellitus, degenerative disc disease, neck pain, depression, hypogonadism, sleep apnea, hypertension, anxiety, asthma, and irregular heartbeat.  (Tr. 21)  However, the ALJ found that Mr. Betts did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (*Id.*)

According to the ALJ, Mr. Betts has the residual functional capacity ("RFC") to do light work, except he is limited to no more than occasional stooping, crouching, crawling, or kneeling; interpersonal contact must be incidental to the work performed; the complexity of the tasks must be learned by demonstration or repetition within thirty days, with few variables and little judgment; and the supervision required is simple, direct, and concrete.  (Tr. 24)  The VE testified that the jobs

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

available with these limitations were small products assembler and price tagger. (Tr. 48) Accordingly, the ALJ determined that Mr. Betts could perform a significant number of jobs existing in the national economy, and found that he was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B.   Mr. Betts's Arguments for Reversal

Mr. Betts asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Betts claims that the ALJ (1) failed to properly consider Dr. Cullom's medical source statement, and (2) erred in the credibility analysis. (Doc. No. 11)

#### 1.   Dr. Cullom's Medical Source Statement

Mr. Betts argues that the ALJ's RFC determination is contradicted by Dr. Cullom's medical source statement - discussed by neither the ALJ nor the Appeals Council. (*Id.*) The medical source

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

statement is dated March 28, 2014 - about five weeks after the ALJ issued his decision. So the ALJ never reviewed the statement. (Tr. 517-518) And while the Appeals Council noted that it considered "the additional evidence" submitted by Mr. Betts, there was no specific analysis provided. (Tr. 1) The Court realizes that what matters is not the Appeals Council's analysis (or lack thereof), but whether "the record as a whole, including the new evidence, supports the ALJ's determination."[6] So while the Appeals Council had no obligation to say more, the Commissioner's decision must be supported by substantial evidence.

With regard to the substantiality of evidence, a "treating physician's opinion is generally given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence' in the record."[7] The purpose underlying such deference is to reach a reliable disability determination, one that is based on medical opinions obtained through consistent and continued exposure to the claimant's impairments.[8] Treating physicians, in general, have a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations," 20 C.F.R. § 416.927(d)(2), and, for purposes of determining a claimant's disability, "a longstanding treatment relationship provides some assurance that the opinion has been formed for purposes of treatment and not simply to facilitate the obtaining of benefits.[9]

As Mr. Betts points out, Sumner R. Collom, M.D., was his treating physician for many years and saw Plaintiff on more than fifty occasions. (Tr. 311-57, 409-39, 472-90, 493-514, 517-34.) Dr.

---

[6] *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000).

[7] *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

[8] *See Doyle v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

[9] *Id.* at 762-63.

Cullom's medical source statement indicated that Mr. Betts could lift no more than ten pounds, stand and walk less than two hours per work day, and sit only two hours in a work day. He listed the objective medical findings in support as "severe neck and back pain, uncontrolled blood sugar, depression, and peripheral neuropathy." (Tr. 518)  And while the Commissioner disagrees, Dr. Collom's statement is supported by other medical evidence. For example, the General Physical Examination performed by Sudhir Kumar, M.D., (Tr. 381-92) diagnosed Plaintiff with chronic lower back and neck pain and neuropathy. (Tr. 387, 400.) And the neurological tests performed "revealed evidence of a polyneuropathy." (Tr. 281.)

**IV.    CONCLUSION**

Accordingly, the ruling of the Commissioner must be reversed and the matter remanded because the decision of the Commissioner is based on legal error and not supported by substantial evidence. On remand, the Social Security Administration should reevaluate the medical evidence by expressly considering Dr. Collom's medical source statement.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 3rd day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE